BRODT, In re. See Case No. 5,993.

———

## Case No. 1,920.
### BROHAWN v. VAN NESS.
[1 Cranch, C. C. 366.][1]

Circuit Court, District of Columbia. Dec. Term, 1806.

Costs—Security—Witness — Competency — Interest—Landlord and Tenant—Leases—Rent —Action for Use and Occupation—Evidence —Set-Off and Counterclaim.

1. A rule-security for fees is not of itself a sufficient ground for a rule-security for costs.

2. If upon cross-examination it appears that the witness is interested, the court will instruct the jury that his testimony is not evidence.

3. A lease for ninety-nine years, not acknowledged and recorded, is not good for seven years; but is evidence of the rate of renting, in an action for use and occupation.

4. Damages for use and occupation may be set off.

A rule on the plaintiff to give security for fees had been laid at the last term. When the cause was called for trial, F. S. Key, for the defendant, moved for a rule on the plaintiff to give security for costs, and contended that the rule for fees was prima facie evidence that the plaintiff did not reside within the District of Columbia.

But THE COURT (DUCKETT, Circuit

[1] [Reported by Hon. William Cranch, Chief Judge.]

Judge, absent) did not think it sufficient ground to lay to the rule. The fact of the non-residence of the plaintiff was afterwards proved by the written affidavit of a witness, and security given upon the trial.

S. Speake, was sworn in chief for the plaintiff.

F. S. Key, for the defendant, before Speake was examined, prayed that he might be sworn on the voir dire.

THE COURT said the rule was that, although sworn in chief, if it appeared on the examination that the witness was interested, the court would instruct the jury that the testimony is not evidence.

The defendant offered to offset rent due on a lease for ninety-nine years, not acknowledged or recorded according to law. The plaintiff objected to the paper being given in evidence, until the defendant shows that the plaintiff was in possession, and contended that it was void.

F. S. Key, for the defendant, contended that it was good for seven years. By the act of assembly, 1766, c. 14, it is enacted that no estate for more than seven years shall pass or take effect unless the deed be acknowledged and recorded, &c., thereby implying that it may be good for seven years, although not acknowledged, &c., and it does not say that the deed shall be void.

Morsell and Dorsey, for the plaintiff, contended that this paper is not a lease; but only an agreement to make a lease at a future time, and that the act of assembly, makes void all deeds intending to pass a greater estate than for seven years, otherwise a deed in fee would be good as a lease for seven years.

The lease was not under seal, nor acknowledged, nor recorded, nor was possession under it proved. It begins: "It is this day agreed between, &c., as follows, namely, the said J. P. Van Ness agrees to lease, to the said I. B., lot No. 4, &c. in square No. 295, &c., for ninety-nine years, at the rate of two dollars annually for every front foot towards the canal, which said front is fifty feet five inches. The said rent to be paid annually. The first payment to be made on the 29th of March next; the said I. B. is to have the privilege of purchasing at any time within three years at the rate of fifteen cents a square foot. (Signed) J. P. Van Ness, I. Brohawn. Attest: S. Speake."

THE COURT (CRANCH, Chief Judge, doubting) said it could not operate in law as a lease for seven years; but would be good evidence of the rate of rent in an action for use and occupation.

Mr. Jones, for the defendant, then prayed the court to instruct the jury, that if they shall be satisfied, by the evidence, that the plaintiff took possession of the lot under the lease, then in law, the plaintiff was tenant at will of the defendant, and if no rent has been paid, the defendant has a right to set off one year's rent against the plaintiff's de-

mand in this action, and that the lease may be given in evidence to show the amount of that rent. No objection was made against offsetting rent as a general principle.

The opinion was given by THE COURT as prayed. (DUCKETT, Circuit Judge, absent, and CRANCH, Chief Judge, doubting.)